311 So.2d 850 (1975)
STATE of Louisiana
v.
Freddie G. WILLIAMS.
No. 55670.
Supreme Court of Louisiana.
April 24, 1975.
*851 Murphy W. Bell, Director, Vincent Wilkins, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced to serve five years at hard labor. We find no merit to the three assignments of error urged upon his appeal.
Assignment No. 1: The defendant contends that two photographs taken at the scene shortly after the crime were improperly admitted, due to lack of sufficient foundation as to their accuracy. Two witnesses identified the pictures as accurately depicting what they saw that night at the time. This foundation was adequate to permit admission of the pictures into evidence. State v. Browning, 290 So.2d 322 (La.1974); State v. Franks, 284 So.2d 584 (La.1973). Any alleged discrepancy in the testimony of the witnesses goes to the weight rather than to the admissibility of the pictures.
Assignment No. 3: The defendant contends that his motion for a directed verdict was improperly overruled. He argues no proof was made of his unauthorized entry into the premises, an essential element of the crime. However, the victim testified that, when he looked up from watching television, he saw the defendant standing in his bedroom. When the victim yelled, the defendant grabbed a purse and dove out the open window. We would say that this is some evidence of an unauthorized entry, in addition to other strong evidence to the same effect.
The motion for a directed verdict was properly denied. Such a motion should not be granted, unless no evidence at all proves the offense charged or an essential element of it. State v. Douglas, 278 So.2d 485 (La.1973).
Assignment No. 3: In closing argument, the prosecutor noted that the defendant had not produced any witness that there was a "Mr. Rogers" or that a Mr. Rogers lived in the area, in order to corroborate the accused's statement that he was in the area to see a Mr. Rogers. The defendant contends that the argument improperly eroded his presumption of innocence. The argument was not improper, if only because based upon "the lack of evidence" to corroborate his exculpatory statement. La.C.Cr.P. art. 774.
Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.