315 So.2d 276 (1975)
STATE of Louisiana
v.
Jimmy Lee FORD.
No. 55887.
Supreme Court of Louisiana.
June 23, 1975.
*277 John D. Goodwin, Goodwin & Lee, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Jimmy Lee Ford, was charged with the crime of manslaughter in the death of Wallace Ray Williams. Williams died as a result of gunshot wounds inflicted by Ford during an altercation in the Blue Moon Cafe in Mansfield, Louisiana on April 11, 1974. After a trial by jury, at which defendant pleaded self-defense, he was convicted. Only one bill of exceptions was perfected, alleging that the trial judge erred in refusing to sustain the defendant's motion for a directed verdict of not guilty at the close of the State's case. That exception is the basis for the appeal to this court.
C.Cr.P. 778 provides in part:
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of a defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction."
In State v. Douglas, 278 So.2d 485 (La. 1973), this court recognized the well established principle that in Louisiana the "insufficiency" of the evidence may not be reviewed by this court. Article VII, § 10, La.Const. of 1921 and Article V, § 5(C), La.Const. of 1974 limit the appellate jurisdiction of the Supreme Court in criminal matters to questions of law only. In Douglas, supra, the court also restated the jurisprudence that a claim of total lack of evidence (no evidence) presents a question of law and may be considered on appeal.
The issue is whether there is any evidence to support a jury verdict of guilty. An examination of the record in this case reveals that there is "some evidence." The defendant argues that the State did not meet its burden of proving that the homicide was not perpetrated in self-defense. The State, in its case in chief, introduced "some evidence" to meet this defense. One witness testified that the decedent had no weapon in his hand when he was shot and that, in fact, he was trying to get away from the defendant. The witness also testified that he had heard the defendant say that he was going to kill the decedent. Another witness testified that although the decedent had pulled a knife on the defendant in the course of the fight, it was no longer in his hand when he was shot. A third witness testified that the decedent had gotten tangled up in some curtains and the knife had fallen out of his hand as he tried to disentangle himself, and therefore could not have been even approaching the defendant. This same witness testified that the defendant just shot the decedent down, and the latter had not even been trying to "get" the defendant. He also stated that there was a table between the two men at the time of the shooting.
The defendant's argument is without merit; the conviction and sentence are affirmed.