319 So.2d 396 (1975)
STATE of Louisiana
v.
Freddie Lee CANN.
No. 56266.
Supreme Court of Louisiana.
October 1, 1975.
Mack J. Marsh, Davenport, Files & Kelly, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
The defendant, Freddie Lee Cann, was charged by bill of information with the crime of possession of a controlled dangerous substance, marijuana, in violation of R.S. 40:966. He entered a plea of not guilty, and was tried and convicted of possession of marijuana on March 11, 1975. *397 He was sentenced to pay a fine of $250.00 and court costs, or, in default thereof, to serve thirty days in the parish jail. We granted certiorari to review the correctness of the trial judge's overruling of defendant's motion for a directed verdict. We now reverse.
On May 28, 1974 members of the Ouachita-Morehouse Narcotics Strike Force raided an apartment in Monroe to execute a previously obtained search warrant. The officers encountered resistance at the door by one of the occupants and had to force their way into the apartment. The defendant was subsequently found in a bedroom, behind locked doors. The officers, after bringing all the persons present in the apartment[1] to the living area, began to search the premises, which resulted in their finding a quantity of marijuana in the kitchen[2] and some gleanings in the garbage outside the apartment. No marijuana was found on the defendant or in the bedroom where he was found. The State contends there was evidence of constructive possession, therefor the trial judge properly overruled the defendant's motion for a directed verdict.
The Louisiana jurisprudence has established that one need not actually possess the controlled dangerous substance to violate the prohibition against possession thereof, constructive possession being sufficient. In State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971), we held:
"A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control of it."
This statement of a legal principle, however, fails to explain, or illustrate what facts must exist before constructive possession can be proven.
First, the term "constructive possession" is a term of legal art, describing the situation in which a person, not in physical possession of a thing, can, nevertheless be considered to be in legal possession of the thing.
However, the mere presence of someone in the area where the controlled dangerous substance is found, or the mere fact that someone knows the person who is in actual possession of the controlled dangerous substance is insufficient to constitute constructive possession by that person. In United States v. Stephenson, 474 F.2d 1353, 1355 (5th Cir. 1973), the court said:
". . . By the same token, mere presence in the area where the narcotic if discovered or mere association with the person who does control the drug or the property where it is located, is insufficient to support a finding of possession. . . ."
The United States Court of Appeals for the Third Circuit reached the same result in United States v. Davis, 461 F.2d 1026, 1036 (3d Cir. 1972):
"On the other hand mere proximity to the drug, or mere presence on the property where it is located or mere association with the person who does control the drug or the property, is insufficient to support a finding of possession. See, e. g., United States v. Holland, 144 U.S. App.D.C. 225, 445 F.2d 701 (1971); Arellanes v. United States, 302 F.2d 603, 606 (9th Cir. 1962); United States v. Mills, 293 F.2d 609 (3d Cir. 1961)."
The same result should obtain in prosecutions under R.S. 40:966. In order to *398 convict a person on the basis of constructive possession, something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug must be shown. Our own jurisprudence guides us in this determination.
In State v. Knight, 298 So.2d 726 (La. 1974), the evidence showed that one Poole was approached by Chambley and asked if he would like to buy some marijuana. At this time, the defendant Knight was in a parked car belonging to Chambley. Poole contacted police, and a set up was arranged in the park. At this meeting, the defendant Knight arrived with Chambley and sat on a bench some feet away from the Poole-Chambley transaction. After preliminary negotiations, Chambley called Knight over, telling him to bring his "lunch," whereupon Knight handed Chambley a brown bag containing the marijuana. Chambley and Knight then left in the same car and were apprehended together. In response to a motion for a directed verdict on the grounds that the State failed to prove guilty knowledge, this court held:
"From a reading of the record, we conclude there was some evidence that this defendant, Knight, had knowledge that the brown paper bag contained marijuana when he handed it to Chambley for the sale to Poole. Chambley and Knight were together when Chambley originally approached Poole; they were again together for the meeting in the park; Chambley called upon Knight to deliver to him the bag containing the marijuana for purpose of the sale; Knight handed Chambley the bag from which the marijuana was produced with Knight in close proximity; Knight and Chambley departed in the automobile together; they were also together when apprehended." (298 So.2d 726, 728, 729).
In State v. Williams, 250 La. 64, 193 So.2d 787 (1967), the evidence showed that members of the New Orleans Police Department, after keeping the apartment of defendant Williams, a well-known drug addict, under surveillance for drug traffic, obtained a warrant to search the premises. When the officers knocked on the door announcing their presence, they observed one of the defendants, Hazel Jones, go immediately into the kitchen and return, at which time defendant Bartholomew opened the door to let the police officers in. They observed that Bartholomew appeared to be under the influence of drugs. Their search revealed heroin hidden in the living area and the kitchen, along with narcotics paraphernalia, such as hypodermic needles. Based on this evidence, a finding of constructive possession was upheld. The State had shown, inter alia, (1) this apartment was a frequent place for drug trafficking; (2) the defendants were found in an area where drugs were subsequently discovered; (3) one of the defendants appeared to be under the influence of drugs; (4) one of the defendants rushed into the kitchen when the police knocked, and drugs were subsequently found in the kitchen. Of further significance is the fact that Williams, the tenant of the apartment, was not present when the other three were arrested, leading to the inference, at least, that persons other than Williams had ready access to the apartment.
In State v. Porter, 296 So.2d 302 (La. 1974), the defendant was convicted of possession of marijuana, based on a finding of constructive possession. In that case, the evidence revealed that Porter and several others were standing by or seated in Porter's parked car in a park at 2:15 a.m. When officers investigated, they found a paper bag about ten feet from the driver's door containing four plastic bags of marijuana and a separate open plastic bag of marijuana lying on the ground near the area where Porter had been standing. In addition, a partially smoked marijuana cigarette was found on the ground next to the driver's door and a butt was found in the *399 area between the driver's seat and the door panel. Finally, a Kleenex tissue containing a small amount of marijuana was found on the dashboard. The defendant claimed he had no knowledge of the drug's presence in his car and that it was brought into his car by one of the other occupants without his knowledge. This court held:
"Applying these guidelines to the facts of the present case, we conclude that the record contains some evidence that Porter knowingly or intentionally constructively possessed the marijuana in question. The drug, although not found on his person, was discovered in areas under his direct control and dominion. We must bear in mind that Porter was the owner and driver of the vehicle. By his own testimony, he parked his car in Clark's Park only two or three minutes before the police officers arrived. In that short length of time, a paper bag containing four `lids' of marijuana and an open plastic bag of marijuana were thrown to the ground in the area where Porter had been standing. Furthermore, a `joint' was found next to the driver's door and a `roach' was discovered in the area between the driver's seat and the door panel. Also, a toilet tissue or Kleenex containing the drug was found on the dashboard of the car. We consider these facts constitute not merely some evidence, but ample evidence to establish guilty knowledge on the part of Porter. Hence, since there is some evidence that Porter knowingly or intentionally possessed the marijuana, the verdict will not be disturbed." (296 So.2d 302,304).
The federal courts have illustrated factual circumstances which support findings of constructive possession under federal narcotics statutes. In United States v. Davis, supra, Inez Davis was convicted of receiving and concealing narcotics and possession of narcotic drugs not in or from the original stamped package. Her defense was that the heroin was brought into the apartment by a visitor and that she had no knowledge that the substance found by the police was heroin. In upholding a verdict based on constructive possession, the court cited three factors: (1) the apartment in which the heroin was found was hers; (2) the heroin was found in plain view in the kitchen of her small three room apartment; (3) measuring spoons, mixing paraphernalia and a number of empty glassine bags were found on the kitchen table; (4) measured amounts of heroin had been placed in fifteen of the glassine bags; and (5) forty-six bagged heroin doses were found on the floor near her refrigerator. From this, the court concluded:
" . . . Under the circumstances we think the jury could have inferred that she knowingly had the power to exercise and control the heroin mixture, either alone or together with her father." (461 F.2d 1026, 1036).
Finally, see People v. Bedford, 223 N.E. 2d 290, 292 (1966), wherein the Illinois court held:
"In the instant case, according to the uncontroverted evidence, defendant did not rent the apartment in which the narcotics were found; was only an infrequent visitor to the apartment; and did not have a key thereto. Additionally, the envelope containing the narcotics was marked `Barbara,' and although Barbara Bedford was arrested as an addict, she was not charged as a possessor of narcotics. (It was her brother, an addict and an informer for the police in narcotics cases, who signed the complaint for the search warrant). Neither the receipts and bills found in the apartment nor defendant's purported admissions that he lived therein are sufficient, in our opinion, to establish defendant's guilt. . . ."
We have reviewed these cases in order to learn, if we can, what facts will support findings of constructive possession. *400 However, the cases are illustrative only. Each case, of necessity, must stand or fall on its own merits. In the instant case, we find that the State, in presenting its case against the defendant, proved (1) a quantity of marijuana was found in the kitchen and the outside garbage of an apartment rented by someone other than this defendant; (2) the officers encountered resistance at the front door by someone other than this defendant; (3) this defendant was found in the apartment, in a bedroom behind locked doors with a female person when the officers gained entrance to execute their warrant.
However, the State offered no evidence (1) that this defendant knew or had reason to know there was marijuana in the kitchen; (2) that this defendant had been in this apartment on other occasions; (3) how long this defendant had been in the apartment on this particular night; (4) that this apartment was frequented by drug users; (5) that anyone other than James Johnson, the tenant of the apartment, had access to the apartment and its contents; (6) that any drugs were found on the person of this defendant or in the area of the apartment where he was found; (7) that any partially smoked cigarettes or butts were found anywhere in the apartment; or (8) that this defendant in any way had any control over the marijuana that was found in the apartment.
This court has held that the trial judge's ruling on a motion for a directed verdict will be reversed only if we find, as a matter of law, that there is "no evidence" of an essential element of the offense in the record. State v. Ford, 315 So.2d 276 (La. 1975); State v. Williams, 311 So.2d 850 (La.1975); State v. Douglas, 278 So.2d 485 (La.1973). Here we find that the State presented no evidence of an essential element of the crime of possession of a controlled dangerous substance; there is no evidence that defendant either had or shared possession, dominion or control of contraband. The motion for a directed verdict should have been granted. State v. Bradley, 310 So.2d 582 (La.1975).
For the reasons assigned, the conviction and sentence are reversed and set aside, and the cause remanded to the trial court for proceedings consistent with this opinion.
NOTES
[1] Four persons were found in the apartment: James Johnson, the tenant, two female acquaintances, and the defendant.
[2] The officers found some six bags of marijuana in plain view and a black cardboard box containing about a pound of marijuana and eight bags in a cabinet.