483 So.2d 1278 (1986)
STATE of Louisiana
v.
Albert REED and William Riley.
No. KA-2635.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Pamela S. Moran, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendants-appellants.
Before SCHOTT, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendants Albert Reed and William Riley appeal their convictions for armed robbery *1279 in violation of La.R.S. 14:64. Both defendants were sentenced to serve ninety-nine years at hard labor without benefit of parole, probation or suspension of sentence.
The following facts were adduced at trial: On January 15, 1982, Billy Stamps and James Pempo were working in a United Auto Supply Store in Orleans Parish. Defendant Riley entered the store and threatened both Stamps and Pempo with a sawed-off shotgun. Defendant Reed then entered the store. Defendants took approximately $350.00 to $400.00 in cash and a gun belonging to Pempo.
One week later, defendants were stopped by the police who observed two men who fit the description of the robbers, in a 1968 Ford. Defendants were arrested. The license plate number of the Ford was listed in the computer as belonging to a 1971 Toyota. In an attempt to obtain the Vehicle Identification Number of the car, the police had to look at the engine and when the officer opened the hood, he saw a sawed-off shotgun strapped to the wheel well; he then closed the hood. The officers obtained a search warrant and a further search uncovered a revolver which was identified at trial as the one stolen from Pempo. Bullets that would fit the gun were found in defendant Reed's pocket. At a pre-trial lineup, Pempo positively identified both defendants and both Stamps and Pempo identified the defendants at trial.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendants argue that the trial court should have suppressed the identification of defendants on the ground that the lineup which resulted in the identification was impermissibly suggestive and that the lineup was conducted without benefit of counsel.
A lineup is considered impermissibly suggestive if a witness's attention is focused on a defendant. State v. Tate, 454 So.2d 391 (La.App. 4th Cir.1984). The photograph taken of the lineup indicated that although defendant Riley appears not to be noticeably different from the remaining members of the lineup, defendant Reed is somewhat shorter and older. Nevertheless, there is no need to make a determination as to whether the lineup was suggestive because there was not a substantial likelihood of mis-identification. In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that an identification can be considered reliable even though a lineup would be suggestive. The court must look to: (1) the opportunity of "the witness to view the defendant at the time of the crime; (2) the degree of attention which the witness focused on the defendant at the time of the crime; (3) the accuracy of any previously given description of defendant; (4) the degree of certainty exhibited by the witness; and (5) the length of time between the crime and the identification. Manson, supra; State, supra.
In this case, the robbery occurred at 3:00 p.m. in a well-lit store. Neither defendant wore a mask, and both stood directly in front of Pempo. Pempo testified that he was able to view both defendants for four to five minutes. The description given by Pempo shortly after the crime was perpetrated matched the defendants appearance.
For these reasons, we find that although the lineup might possibly have been suggestive, there was not a substantial likelihood of irreparable mis-identification. State v. Morgan, 454 So.2d 364 (La.App. 4th Cir.1984).
Defendants also claimed that the lineup was conducted without counsel which is in violation of the Sixth Amendment rights to counsel. This argument is also without merit. Presence of counsel at a pre-indictment lineup is not required by the Sixth Amendment. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Stewart, 389 So.2d 1321 (La.1980).
Defendants also filed pro se assignments of error. Their first assignment of error, arguing that the trial court should have granted their motion to suppress the identification based upon a suggestive identification procedure had been dismissed *1280 above. Defendants also claim that they were denied their right to cross examination because of the trial court's refusal to require the police officer to release the name of the party who selected the people who participated in the lineup. Although the defendants do have the right to confront their accusers, the person who selected the participants of the lineup was not defendants' accuser. Furthermore, because we have found that regardless of the suggestiveness of the lineup procedure, that the identification was reliable, any possible error in this ruling would be harmless. La.Code Crim.Pro. Art. 921. Defendants also argue that the trial court commented impermissibly on the evidence during the trial. This comment about which defendants complain, was actually the trial court reading a stipulation into the record that had been entered into between the state and counsel for defendants concerning the testimony of an absent witness. This is not an impermissible comment on the evidence. This assignment of error is without merit.
In their third pro se assignment of error, defendants allege that they received ineffective assistance of counsel at trial. The basis of this claim is that the stipulation entered into amounted to ineffective assistance. We note that the remedy for an allegation of ineffective assistance of counsel should be brought through post-conviction relief. State v. Jenkins, 419 So.2d 463 (La.1982). If there is sufficient evidence in the record to decide whether defendants received ineffective counsel, in the interest of judicial economy, the issue may be considered on appeal. State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984). In order to prove ineffective assistance of counsel at trial, the defendants must show that performance by their counsel was deficient and that that deficiency prejudiced defendants. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defendants must prove both parts of this test in order to require reversal. Defendants have made no showing whatsoever that counsels' performance were so deficient in stipulating to the testimony of the absent witness that they were deprived of a fair trial. For this reason, this assignment of error also lacks merit.
Defendants also argue that the trial court erred in failing to hold an evidentiary hearing in connection with a motion to suppress evidence. We do note that a motion to suppress evidence was heard in this matter. Defendants contend that evidence of the gun that was discovered during the search of the automobile should have been suppressed. Defendants argue that the search warrant upon which the search was based was invalid because it was based upon hearsay testimony. Secondly, defendants claim that the gun was the fruit of an illegal search.
Hearsay can be used to establish probable cause in a search warrant if it is shown that that hearsay is reliable. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The hearsay complained of in this case is the description of the suspects and the car given by the victims of the crime. There is no showing that this hearsay was not reliable.
Defendants argue that the police officer's lifting of the hood in an attempt to find the correct Vehicle Identification Number of the automobile amounted to an illegal intrusion, i.e. search, and that the subsequent search warrant issued pursuant to this was tainted. When evidence seized is in an officer's plain view, a search warrant is not required. State v. Hernandez, 410 So.2d 1381 (La.1982). The officer must have been justified in being in the area in which the contraband is in plain view, the evidence must have been inadvertently discovered, and the items must be immediately apparent to be evidence of contraband. Hernandez, supra; State v. Gibson, 391 So.2d 421 (La.1980). In this case, the police officer had lifted the hood in order to determine the correct Vehicle Identification Number of the automobile. A sawed-off shotgun is clearly contraband, and the officer testified that it was in plain view. The search at that time continued no *1281 further. Based upon the evidence presented at trial, we find no error by the trial court in determining that this evidence should have been properly admissible.
For the foregoing reasons, the convictions and sentences of both defendants are affirmed.
AFFIRMED.