GARRISON, Judge.
The defendant, Michael L. Bell, was charged by bill of information with forcible rape in violation of LSA-R.S. 14:42.1.[1] A jury found him guilty as charged and he was sentenced to five years at hard labor, three of which are to be served without benefit of parole, probation or suspension of sentence. Defendant now appeals.
On May 13, 1984 at approximately 10:00 p.m., the victim in this case entered Gladys’ Bar in Violet, Louisiana in St. Bernard Parish. She engaged in a conversation with the defendant who she had known most of her life. The defendant suggested that they take a ride and see his new trailer. She agreed to go with him and the two had a friendly conversation until they arrived at the trailer. At that time, the defendant’s tone of voice changed to a harsher tone as he ordered the victim to get out of the car. She tried to flee but the defendant grabbed her arm and pushed her inside the trailer threatening to kill her if she screamed. Once inside the trailer, the- defendant ordered the victim to undress and to tell him that she loved him. When she initially refused, the defendant slapped her. She finally submitted to sexual intercourse with the defendant after being slapped several more times. The defendant then drove the victim back to Gladys’ Bar where he threatened to kill her if she reported this incident to the police. The victim immediately drove to the St. Bernard Parish Sheriff’s office and the defendant was arrested within several hours.
In assignments of error one and two, the defendant contends that the trial court erred in admitting into evidence the victim’s clothing and a rape kit (samples taken during a rape examination). By his first assignment, the defendant argues that these items should not have been admitted into evidence because the State did not formally introduce or offer them. However, because the defendant did not urge this objection at trial, he is precluded from now raising this issue at the appellate level. LSA-C.Cr.P. art. 841.
Secondly, the defendant argues that this evidence should not have been admitted because the State failed to lay a proper foundation for its introduction. The standard for the admission of demonstrative evidence has been defined as follows in the case of State v. Sweeney, 443 So.2d 522 (La.1983):
“To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Drew, 360 So.2d 500 (La.1978). The law does not require that the evidence as to custody eliminate all possibilities that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probably than not that the object is the one connected with the case. A preponderance of the evidence is sufficient. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972).”
*1202 In this case, testimony established that Dr. Friedrichsen, an emergency physician at Chalmette General Hospital, sent the rape kit and the victim’s clothing to the St. Bernard Parish Sheriffs office where he was interviewed by Detective Johnson. These exhibits were then sent to the state police lab where they were tested and found to contain evidence of spermatozoa. The exhibits were received into evidence at this point. The defense counsel did not object to the receipt of these items into evidence until after their admission.
Although it appears that a proper foundation was not laid prior to the admission of this evidence, subsequent testimony established that the clothing belonged to the victim and that the rape kit contained the results of an examination of the victim conducted by Dr. Friedrichsen. Therefore, the chain of custody of this evidence was fully established prior to the end of trial. Because any error resulting from the premature admission of these exhibits was cured prior to the end of trial, this error was harmless and this assignment of error is without merit.
In his third and final assignment of error, the defendant argues that the trial court erred in refusing to allow defense counsel to examine a witness as to any bias which the victim may have had against the defendant. Specifically, he alleges that this witness’ testimony would have shown that the victim had a business deal with the witness on the night of the alleged rape and that she blamed the defendant for problems resulting from this deal.
LSA-R.S. 15:492 provides as follows:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit such fact, any other witness may be examined to establish the same.
This argument by the defense is merit-less because the victim in this case was not given the opportunity to distinctly admit or deny the defense allegation that she fabricated the rape story in an attempt to retaliate against the defendant for problems associated with the above-mentioned business deal. The victim was not asked by defense counsel whether she lied about the rape or whether she was angry with the defendant for reasons unrelated to the rape. Testimony attempting to link the victim’s purported animosity toward the defendant to this alleged business deal with this defense witness was not elicited until that particular witness took the stand after the victim. Therefore, because the defense failed to lay a proper foundation during the cross-examination of the victim, the trial court correctly refused to allow the defense witness to testify as to the victim’s alleged bias against the defendant.
For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. LSA-R.S. 14:42.1 states:
A. Forcible rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape.
B. Whoever commits the crime of forcible rape shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of probation, parole, or suspension of sentence.