496 So.2d 390 (1986)
STATE of Louisiana
v.
Paul PETTA.
No. KA-5160.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
Rehearing Denied November 19, 1986.
*391 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Dist. Atty., Harry F. Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of Louisiana.
Dwight Doskey, Orleans Indigent Defenders Program, New Orleans, for defendant-appellant Paul Petta.
Before GULOTTA, KLEES and BYRNES, JJ.
KLEES, Judge.
On June 3, 1985, the appellant was charged with possession of heroin. He was arraigned on June 20th and pled not guilty. On August 8th, a twelve-member jury found him guilty as charged. He was sentenced on August 21st to serve ten years at hard labor. He now appeals.
FACTS:
On the evening of May 15, 1985, police officers executed a search warrant at 2941 Bruxelles Street, the home of the defendant Paul Petta. Petta and Brenda Gibson were arrested as they approached the house. Inside the house, the officers discovered the defendant's girlfriend, Kathy Boudreaux, and Byron Marks sitting in a bedroom and Tommy and Peggy Battenburg inside the bathroom flushing something down the commode. The Battenburg's young son was asleep in a back bedroom. The officers directed all these people into the living room, advised them of their rights, and began searching the house. Petta admitted that he had a heroin "kit" and led the officers to a desk in the front bedroom. From the desk drawer the officers seized a hypodermic syringe with the initials "P.P." on it, a "cooker" consisting of a bottlecap with wire handles attached, a spoon, and two pieces of cellophane, as well as rent receipts and a telephone bill for that address listed in Petta's name. Residue found inside the cooker and on one piece of cellophane was later found to be heroin. The Battenburgs admitted they were heroin users.
Officer Robert McNeal, qualified as an expert in the illicit use of heroin and the identification of track marks, testified that on the night of the raid he observed old and new track marks on Petta's arms, some no older than two days. He also testified that methadone blocks the effects of heroin.
Kathy Boudreaux, Petta's girlfriend, testified that Petta was a heroin addict, but she did not see him shoot heroin the evening of the raid. She testified that he always used a spoon instead of a "cooker," and he always cleaned his "kit" after using it. She also testified that Petta was on methadone after he was released on bond after his arrest.
The defendant Paul Petta testified that although he was a heroin addict, he had not shot any that day. He maintained that he always cleaned his "kit" after he used it, and the heroin found in the "cooker" that night was not his. He admitted that he had prior convictions for theft, a "drug violation" involving cocaine, and a conviction for possession of heroin.

*392 Errors Patent/Assignment of Error

By his counsel's sole assignment of error, the appellant requests a review of the record for errors patent. Such review reveals that there is no minute entry of the first day of trial held August 7, 1985. The minute entry dated August 7th describes the events that apparently took place on August 8th; the transcript of August 7th indicates that the voir dire and testimony occurred on that date, with the trial being recessed until August 8th for the closing arguments. Although no minute entry of August 7th exists, it is apparent that the appellant was present on that date because at least one witness made an in-court identification of him. In addition, although there is no minute entry of the first day of trial to indicate how many jurors were chosen, the minute entry of the judgment indicates that the verdict was 12-0. Under these circumstances we find no error.
Finally, the trial court erred by failing to order that the appellant's sentence be served without benefit of probation or suspension of sentence. Thus, the sentence is "unlawfully lenient," representing a patent error favorable to the appellant. In State v. Fraser, 484 So.2d 122 (La.1986), the Supreme Court held that where an error patent is favorable to a defendant, it may not be corrected on appeal where the State does not independently seek review of the sentence. Because the state has not sought review of defendant's sentence we must leave it undisturbed.

Pro Se Assignments of Error
I.
By his first pro se assignment of error, the appellant contends that the trial court erred by refusing to allow him to present his own defense because his counsel's representation was ineffective. Specifically, he alleges that his attorney failed to ask pertinent questions during a suppression hearing, and when he endeavored to bring this deficiency to the court's attention, the trial court refused to allow the appellant to address the court. The appellant contends that his attorney should have objected to the trial court's failure to allow the appellant to address the court.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed by an application for post conviction relief, filed initially in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). However, where the appeal record discloses sufficient evidence upon which to make a determination of counsel's effectiveness, such decision may be made on appeal in the interest of judicial economy. State v. Seiss, 428 So.2d 444 (La.1983); State v. Reed, supra.
The two-tier test to be used to determine whether counsel was ineffective was set forth by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also State v. Fuller, 454 So.2d 119 (La.1984). In order to substantiate a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Such performance is ineffective when it can be shown that counsel made errors so serious that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Counsel's deficient performance will have prejudiced the defendant if it can be shown that counsel's errors were so serious as to deprive the defendant of a fair trial, one whose result is reliable. The defendant must make both showings in order to prove that counsel was so ineffective as to require reversal. Strickland v. Washington, supra; State v. Reed, supra; State v. Crowley, 475 So.2d 783 (La.App. 4th Cir.1985).
Here, the appellant contends that the representation of his counsel was ineffective because his counsel failed to ask questions at the hearing on his motion to suppress the evidence concerning the reason why the appellant was handcuffed during the raid when he was not arrested on that night. A reading of the hearing transcript reveals that the basis of the motion *393 to suppress the evidence was the search warrant which led to the seizure of the evidence, not anything connected with the time and manner of the appellant's arrest. As such, it does not appear that his counsel was ineffective by not initiating this line of questioning. The transcript of this hearing, as well as of the preliminary hearing and of trial, show that the appellant's counsel vigorously defended his client. Because the appellant has not shown that his counsel's performance was deficient and that he was thereby prejudiced, this assignment is without merit.
II.
By his second assignment of error, the appellant contends that the trial court erred by allowing the State to introduce into evidence his admission that the marijuana found in the house belonged to him. He argues that no one specifically informed the jury that he was not on trial for possession of marijuana, and that his conviction for possession of heroin was based upon his admission that the marijuana found in the house was his.
The marijuana was seized on the night of the raid made pursuant to the search warrant. None of the officers testified that the appellant told them the marijuana belonged to him; the appellant admitted ownership of the marijuana pursuant to a question directed to him by his own attorney. No objection was made to the introduction of this evidence. Because the appellant did not raise this claim at trial, he is now estopped from raising it for the first time on appeal. C.Cr.P. art. 841; State v. Jackson, 450 So.2d 621 (La.1984); State v. Bell, 488 So.2d 1200 (La.App. 4th Cir.1986). This assignment is without merit.
III.
By his last pro se assignment of error, the appellant contends that there was insufficient evidence produced at trial to support his conviction for possession of heroin. Specifically, he points to the fact that only circumstantial evidence actually linked him to the possession of the heroin. He also contends that the evidence showed that other people in the house could have used his heroin cooker, citing the fact that no heroin was found in his syringe.
In its review of the sufficiency of evidence to support a defendant's conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonsable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). "When a case involves circumstantial evidence and the jury reasonably rejects the hypothesis of innocence presented by the defendant ..., that hypothesis fails, and the defendant is guilty unless there is another hypothesis which raises a reasonable doubt". State v. Langford, 483 So.2d 979, 983 (La.1986), quoting from State v. Captville, 448 So.2d 676, 680 (La.1984).
The appellant was convicted of possession of heroin. In order to support this conviction, the State was not obligated to prove actual or attempted actual possession of these drugs; these convictions may be supported by a showing of constructive possession. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Cann, 319 So.2d 396 (La.1971); State v. Johnson, 463 So.2d 778 (La.App. 4th Cir.1985). Mere presence of the defendant in the area where the drug is found, or the mere fact that the defendant knows the person in actual possession, is insufficient to prove constructive possession. State v. Trahan, supra; State *394 v. Harden Johnson, 404 So.2d 239 (La.1981) cert. den. Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970 72 L.Ed.2d 440 (1982); State v. Cann, supra. However, a person may be considered to be in constructive possession if the illegal substance is subject to his dominion and control. State v. Trahan, supra; State v. Harden Johnson, supra; State v. Cann, supra; State v. Toni Johnson, supra. A person may also be deemed to be in joint possession of a drug which is in the physical possession of a companion if he willfully and knowingly shares with the other the right to control of the drug. State v. Trahan, supra; State v. Cann, supra. A determination of whether there is possession sufficient to convict depends on the facts peculiar to each case. State v. Trahan, supra; State v. Cann, supra.
Here, the appellant led the officers to his heroin kit, lying inside a desk drawer in a bedroom of his residence. Although no heroin residue was found in the syringe that had the appellant's initials on it, residue was found in a cooker and on a piece of cellophane also found in the drawer. The appellant and his girlfriend both testified that he always cleaned his kit after use and he always used a spoon, not a cooker. He testified that although he shot heroin the day before, he did not shoot any that day. The evidence adduced at trial also showed that the appellant was absent from his house on the evening of the raid and that at least two admitted heroin addicts, the Battenburgs, were in the house that evening. At the time of the raid, the Battenburgs were in the bathroom flushing something down the toilet; in fact, Mrs. Battenburg was caught with her hand in the bowl as if helping to push something down the drain. An officer observed track marks on the appellant's arms that were no older than two days. The arms of no one else in the house were inspected. Viewing in the light most favorable to the prosecution, we conclude that the evidence does support the appellant's guilt.
Accordingly, for the reasons assigned, defendant's conviction and sentence is hereby affirmed
AFFIRMED.