ON REHEARING GRANTED
Rehearing was granted limited to reconsideration of the sufficiency of the evidence against defendants Parsons, Madison and Wells. On the facts discussed in our original opinion, and upon consideration of the supplemental briefs and oral argument, we conclude that as to these defendants constructive possession was not proven.
State v. Cann, 319 So.2d 396, 398 (La.1975) established that a conviction for constructive possession must rest on “something more than mere presence in the area where the drug is found or mere association with the person in actual custody of the drug ...” The state must prove facts, apart from proximity and association, which reasonably and rationally support an inference of a defendant’s knowledge of the presence of illegal drugs and of exclusive or shared dominion and control over them. Id., and see State v. Johnson, 404 So.2d 239 (La.1981).
The state proved proximity to illegal peyote and association with Quan, but did not prove facts from which a rational trier of fact could conclude, beyond a reasonable doubt, that anyone but Quan exercised dominion and control over the peyote. To the contrary, the state’s witness, whose veracity we do not question, testified that to his knowledge Wells could not have known what the suitcase contained, and that neither Parsons nor Madison, who arrived not even an hour before the arrest, had any connection to it. According to this witness Parsons was present only momentarily. Assuming that Madison observed the peyote while speaking on the telephone, and that he knew of its illegal nature, there is no indication he acquiesced in its presence, or in any way obtained or shared in its control.
That portion of our original opinion affirming the convictions of these defendants is accordingly withdrawn. The convictions are reversed and set aside; defendants Parsons, Madison, and Wells are ordered discharged.
GULOTTA, C.J., dissents with reasons.