ARMSTRONG, Judge.
Defendant Edwin J. Joseph was charged by bill of information with a violation of La.R.S. 14:64, armed robbery. After a trial, a twelve member jury found the defendant guilty as charged. He was sentenced to forty-five years at hard labor. On appeal defendant argues that the trial court erred in imposing an excessive sentence.
At trial Deanna Pidgeon testified that she was walking to the bus stop on her way to work on the morning of December 18, 1984, at about 6:30 A.M. when she saw a man walking toward her. As she came face to face with him, he “pulled a gun,” ordered Ms Pidgeon into a garage, threatened to kill her if she said anything, and took her purse and jewelry. She gave him several rings, among them a class ring and a rose ring, also a watch, a pair of black beads and her purse. After he left, Ms Pidgeon went back to her house and called the police. In February of 1985, Ms Pid-geon picked the defendant’s picture from a photo line-up as the man who robbed her at gunpoint.
NOPD Officer Herbert Theodore testified that on December 18,1984, he responded to a call of armed robbery near Miro and Columbus Streets, met with Ms Pidgeon, and took a description from her of the robber. Mr. Paul Wartt, assistant manager of Reiner’s Jeweler and Loan, testified that a lady’s ring with the inscription “Deanna” and a rose ring were pawned at his office by Edwin Joseph on December 18, 1984, and they were redeemed by Joseph on January 24, 1985. When the defendant came back to the pawn shop after redeeming the jewelry, Mr. Wartt told him that the police wanted to see him. Defendant waited to see the police.
NOPD Officer Larry W. Taylor testified that when he was assigned to pawn shop investigations in December, 1984, he found that jewelry matching the description of that stolen had been pawned by the defendant at Reiner’s Jewelry. Officer Taylor then obtained a photograph of the defendant and took it with five other pictures to Ms Pidgeon who selected the defendant’s picture as the man who robbed her.
NOPD Officer Gail Miller testified that she was assigned to the pawn shop division in 1985 and visited Reiner’s Jewelry in order to instruct Mr. Wartt to hold the defendant should he return to redeem the jewelry he had pawned. When she arrested the defendant on February 14, 1985, he told her he could get the missing jewelry and instructed her to drive to Clark High School where his niece surrendered two of the rings taken from Ms Pidgeon, pawned and redeemed. The niece stated that the defendant had given her the rings.
Defendant argues that his sentence of forty-five years at hard labor is excessive *332 and that the trial court erred in not considering the factors listed in LSA-C.Cr.P. art. 894.1 in imposing the sentence. Armed robbery is punishable by imprisonment “at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence.” LSA-R.S. 14:64(B). Here the defendant was sentenced to serve forty-five years but the trial judge did not specify that those years were to be served without benefit of parole, probation or suspension of sentence as mandated by LSA-R.S. 14:64(B). (R. 109). When these restrictions are placed on a sentence by law, as in the case at bar, and the trial judge fails to impose them, the sentence is “illegally lenient.” State v. Fraser, 484 So.2d 122 (La.1986); State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986), writ denied 533 So.2d 10 (La.1988). LSA-C.Cr.P. art. 882 governs correction and review of an illegal sentence; it provides:
A. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
B. A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal Although the State did not object to the sentence when it was imposed, the State did argue in its brief that the sentence is not only not excessive but that the sentence is illegally lenient and should be remanded for resentencing. We agree and vacate the sentence.
Thus, we do not reach the question of whether the trial judge articulated reasons for sentencing under LSA-C.Cr.P. 894.1. We find that the case should be remanded because it is impossible to discern whether the trial court would have imposed the same or a more lenient sentence if the provision that the prison term was to be served without benefit of parole, probation or suspension of sentence had been brought to his attention. State v. Ruffin, 475 So.2d 1375, 1383 (La.App. 5th Cir.1985).
For the foregoing reasons, the conviction of the defendant is affirmed, but the sentence is vacated and the case remanded for resentencing.
AFFIRMED, VACATED AND REMANDED.