991 So.2d 579 (2008)
STATE of Louisiana
v.
Travis C. CASTELL.
No. 2008-KA-0336.
Court of Appeal of Louisiana, Fourth Circuit.
August 20, 2008.
*580 Keva Landrum-Johnson, District Attorney, Alyson Graugnard, Assistant District Attorney, Michael Lillis-Legal Intern, New Orleans, LA, for Plaintiff/Appellee.
John Harvey Craft, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge ROLAND L. BELSOME).
PATRICIA RIVET MURRAY, Judge.

STATEMENT OF THE CASE
Defendant, Travis C. Castell, appeals his conviction of attempted possession of heroin For the reasons that follow, we affirm.

STATEMENT OF THE FACTS
At trial Officer Michael Hamilton testified that on March 20, 2004 at approximately 1:30 a.m., he and his partner, Officer Eric Gaylord, were patrolling in the area of North Prieur and Port Streets. As they turned onto Port Street they observed defendant leaning with his head and arms inside the driver's side of a four-door black Maxima conversing with the driver. As the officers drove within three or four car-lengths of the Maxima, defendant removed his head and arms from the vehicle, looked at the officers, and dropped an object from his left hand onto the street. The officers exited the patrol car. Defendant ran from the scene. Officer Hamilton testified that he retrieved the object dropped by defendant while Officer Gaylord ran in pursuit of defendant. Officer Hamilton further stated that the object he had retrieved from the street was a bag containing what appeared to be marijuana. After securing the bag in his pocket, Officer Hamilton joined in the chase of defendant. He then observed another police unit in a Winn Dixie parking lot; the officers were subduing defendant. Office Hamilton testified that he informed defendant of his Miranda rights and placed him under arrest. Defendant was subsequently transported to Central Lockup where he was booked with possession of marijuana.
On cross-examination, Officer Hamilton testified that defendant was searched incident to his arrest and that no other drugs or money were found on his person. The bag of what appeared to be marijuana was filed in the central evidence and property room. On re-direct examination, Officer Hamilton testified that he did not open the bag of marijuana before he processed it into evidence.
Officer Eric Gaylord testified to the same sequence of facts as did Officer Hamilton. In addition to corroborating Officer Hamilton's testimony, Officer Gaylord stated that the bag of marijuana was given item number C-36739-04, the same item number reflected on the police report and on the evidence tag. Officer Gaylord also explained that the "C" in the item number referred to the month of March, the "04" referred to the year 2004, and "36739" meant that the item number was the 36, 739th number that had been issued in March.
Glen Gilliot, a civilian criminalist employed at the New Orleans Police Department Crime Laboratory, testified that his duties include analyzing evidence suspected of being narcotics. The State and defense stipulated Mr. Gilliot was an expert *581 in the field of chemistry and narcotics analysis. Mr. Gilliot testified that on March 21, 2004 he received State's exhibit one, tagged as item number C-36739-04, which was labeled "one small plastic bag containing vegetative material." He stated that he opened the bag and placed the vegetative material in a dish to examine it under a microscope. He testified that as he was going through the vegetative material, he found two small pieces of foil which contained a powder-like material. The vegetative material tested positive for marijuana. The powder-like material tested positive for heroin.
On cross-examination, Mr. Gilliot testified that he conducts hundreds of tests per day. He admitted that when he first held the bag of vegetative material all he saw was what appeared to be marijuana and did not know it contained heroin.
Officer Michael Hamilton was recalled by the State. He testified that he has worked in the narcotics division for eight years. He stated that the street value of marijuana is $5.00 per bag, whereas the street value of heroin is $20.00 per foil pack. Office Hamilton also testified that when he retrieved the bag dropped by defendant, he did not know that it contained heroin.

ERRORS PATENT
A review for errors patent reveals none.

DISCUSSION
In a single assignment of error, defendant argues that the evidence is insufficient to support his conviction and sentence for attempted possession of heroin.
This court, in considering a similar situation in State v. Brent, XXXX-XXXX, pp. 8-9 (La.App. 4 Cir. 11/29/00), 775 So.2d 565, 570, set forth the following standard:
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. LSA-R.S. 15:438. LSA-R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
LSA-R.S. 40:966(C) makes it unlawful for any person to knowingly or intentionally possess heroin, a controlled dangerous substance classified in Schedule I. To prove a defendant attempted to possess a controlled dangerous drug, the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e. possession of the drugs. State v. Chambers, 563 So.2d 579 (La.App. 4 Cir. 1990). The State need not prove that the defendant was in actual possession of the narcotics found; constructive possession is sufficient to support the conviction. See State v. Trahan, 425 So.2d 1222, 1226 (La.1983); see also State v. *582 Cann, 319 So.2d 396, 397 (La.1975). The mere presence of a defendant in the area where the narcotics were found is insufficient to prove constructive possession. See State v. Collins, 584 So.2d 356, 360 (La.App. 4 Cir.1991); see also Cann, supra at 397.
Defendant, through counsel, makes three arguments as to the insufficiency of the evidence. First, he argues that the only drug the police officers observed was marijuana. Thus, he asserts the State presented no evidence that defendant was connected to the heroin in the bag. However, both officers observed that defendant, who was leaning inside the Maxima, dropped the bag and ran as soon as he spotted the police. This behavior is sufficient to show that defendant had constructive possession of the bag and its contents.
Defendant next argues that the circumstantial evidence does not exclude the reasonable hypothesis that the foils of heroin were not inside the bag of marijuana when it was dropped by defendant and retrieved by Officer Hamilton. However, the record does not reflect that the bag of marijuana was tampered with before or after it was entered into evidence. Both officers and the criminalist testified as to every step in the chain of custody of the bag of marijuana. The jury believed their testimony. The credibility of the witnesses is for the trier of fact to determine. State v. Green, 613 So.2d 263 (La.App. 4 Cir.1992).
Finally, defendant argues that there was no evidence presented to show he had knowledge that heroin was in the bag of marijuana. He asserts that the driver of the Maxima was not called as a witness, and that no heroin drug paraphernalia was found on his person. In State v. Postell, 98-0503 (La.App. 4 Cir. 4/22/99), 735 So.2d 782, this court overturned a defendant's conviction for possession of cocaine residue in a crack pipe after finding the evidence of guilty knowledge insufficient. Although the pipe had tested positive for cocaine, there was no physical residue visible when the pipe was found. The defendant, initially charged with having drug paraphernalia, was charged with possession of cocaine only after the pipe proved to have a small cocaine residue. Additionally, the Postell defendant had exhibited no furtive behavior on seeing the arresting officer. In that case, the court determined that guilty knowledge could not be inferred from the circumstances, especially considering the very small amount of cocaine residue in the pipe and the absence of furtive behavior on the defendant's part.
The facts in the instant case, however, are clearly distinguishable from those in Postell. In the case at bar, a significant amount of contraband, two foils of heroin, was contained in the bag. This court has held that the amount of the substance seized has some bearing on the defendant's guilty knowledge. State v. Monette, 99-1870 (La.App. 4 Cir. 3/22/00), 758 So.2d 362, 365. Moreover, unlike in Postell, the defendant herein exhibited furtive behavior when he dropped the bag and ran from the officers. As this court has held, "[W]hen circumstantial evidence forms the basis of a conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience." State v. Brent, supra, XXXX-XXXX, pp. 8-9, 775 So.2d at 570 (citing State v. Shapiro, 431 So.2d 372 (La.1982)). In the instant case, the defendant's possession of the heroin in the bag may be inferred by reason and common experience from the evidence adduced at trial.
Accordingly, we find that the evidence was sufficient to support defendant's conviction and sentence.

*583 CONCLUSION
Defendant's conviction and sentence are affirmed.
AFFIRMED.