479 So.2d 28 (1985)
STATE of Louisiana
v.
Bryant S. THOMAS.
No. KA-2674.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1985.
Dwight Doskey, Orleans Indigent Defender Prog., New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Patricia E. Black, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, GARRISON and BYRNES, JJ.
BYRNES, Judge.
Byrant S. Thomas, defendant-appellant, was charged by bill of information with armed robbery in violation of R.S. 14:64. A jury found him guilty as charged. The trial court sentenced him to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. The defense filed a motion for appeal on the date of sentencing, which was signed. The state simultaneously filed their multiple bill of information into the record. After the multiple bill hearing, the trial court set aside the original sentence and resentenced appellant to ninety-nine years at hard labor without parole, probation or suspension of sentence.

FACTS
On September 13, 1983, Mr. Earl Rosiere visited Ms. Bobby Williams at her residence at 7816½ Olive Street to collect an insurance payment due to Union National Insurance Company. Williams asked Rosiere to return later in the day and she would have the money. As Rosiere began to leave, he was approached by two men. One of them, later identified as the appellant, pointed a gun at Rosiere and demanded all his cash. Although Rosiere surrendered $400.00, he was forced by the assailants to lie on the ground as they demanded more money. Rosiere then surrendered his wallet which contained a drivers license and credit cards. Thomas ordered his victim to get up and run towards the back of the house while he fled the scene. Rosiere immediately returned to the house to call the police.
Both Bobby Williams and Rosiere testified at trial as eye witnesses. Ms. Williams, who viewed the incident from her front porch, corroborated Mr. Rosiere's account of the events. Further, defendant's sister testified that he had told her earlier *29 that he planned to rob "the insurance man" and showed her a gun. Appellant's only defense was that he was with a woman at the time Rosiere was robbed. However, the woman did not testify at trial.

ASSIGNMENT OF ERROR
Appellant's sole assignment of error is that his sentence was unconstitutionally excessive.

ERRORS PATENT
We have reviewed the record for errors patent. Subsequent to the granting of appellant's motion for appeal, he was adjudicated a multiple offender. His original sentence was vacated, and he was resentenced to ninety-nine years at hard labor without parole, probation or suspension of sentence.
C.Cr.P. art. 916 states in pertinent part: The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter....
Proceedings pursuant to the multiple offender statute, R.S. 15:529.1, generally involve enhancing the original sentence and therefore do not constitute new proceedings. State v. Belton, 441 So.2d 1195 (La. 1983). Thus, the trial court retains jurisdiction over the case to impose an enhanced sentence for the original conviction. However, once an appeal order is signed the trial court loses jurisdiction and is powerless to impose an enhanced sentence under the multiple offender statutes.
We find that the trial court in this case was without jurisdiction to enhance defendant's sentence pursuant to the multiple offender statute because an order of appeal was previously granted. C.Cr.P. 916. Accordingly, the enhanced sentence is set aside and the original sentence of ninety-nine years at hard labor is reinstated. Should defendant be resentenced pursuant to the multiple offender statutes his right to appeal that sentence is reserved. State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983); State v. Sharper, 383 So.2d 1248 (La.1980).

EXCESSIVE SENTENCE
By appellant's sole assignment of error he contends that the sentence imposed was unconstitutionally excessive. The original sentence is identical to his enhanced sentence, therefore, in the interest of judicial economy, we will address the issue of excessiveness regarding the original sentence.
It is well settled that a sentence may be excessive although it is within the statutory limit. In State v. Nealy, 450 So.2d 634, 635 (La.1984) the Court held:
La. Const. art. 1 Sec. 20 prohibits the imposition by law of excessive punishment. Accordingly, we have held that imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional right against excessive punishment that is enforceable on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). Given compliance with La.Code Crim.P. art. 894.1, a sentence will not be set aside as excessive in the absence of a manifest abuse of the trial judge's wide sentencing discretion. State v. Spencer, 374 So.2d 1195 (La.1979). The penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
The record clearly supports the finding that the trial court adequately complied with the strictures of C.Cr.P. art. 894.1. In stating reasons for giving the maximum sentence the trial judge stated:
The defendant stands convicted by a jury of the crime of armed robbery. The Court has reviewed the facts and circumstances of the case in the light of Code of Criminal Procedure, Article 894.1 and finds as follows: There is no evidence of any of the [mitigating] facts as set out in Article 894.1(B). On the contrary, the defendant knew exactly what he was doing and deliberately engaged in an unprovoked *30 act of terrorism which would very likely have resulted in this victim's death or serious injury, had his deadly purpose not been thwarted by the actions of the witnesses in this case. Particularly noteworthy in this respect are the actions of the defendant in forcing the victim to his knees, and making him beg for his life while the defendant pointed a revolver at his head, after he had taken his money. This form of depraved conduct considered in the light of the defendant's extensive criminal record, both as a juvenile and an adult would be deprecated by a lesser sentence. (Sentencing Tr-2)
Given these circumstances, we find that the original sentence imposed was not excessive. Accordingly, defendant's conviction and original sentence are affirmed. His enhanced sentence as an habitual offender is vacated and set aside.
CONVICTION AFFIRMED, HABITUAL OFFENDER SENTENCE VACATED ORIGINAL SENTENCE REINSTATED AND AFFIRMED.