BYRNES, Judge.
Defendant, Harold E. Bruno, Sr., was charged by Bill of Information with possession of phencyclidine [“PCP”], a violation of R.S. 40:966. The trial judge found him guilty as charged and sentenced him to one year at hard labor. The State subsequently filed a multiple bill. On December 12, 1984, defendant’s original sentence was vacated and he was resentenced to three years and four months at hard labor. An order of appeal was signed on December 15, 1984.
ASSIGNMENT OF ERROR
By his sole assignment of error, defendant contends that the trial court was divested of its jurisdiction to enhance his sentence as a multiple offender once his motion for appeal was filed.
C.Cr.P. Art. 916 states in pertinent part: The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter.... (emphasis added)
Generally, the trial court retains jurisdiction over a case for purpose of imposing an enhanced sentence under a multiple bill for the original conviction. State v. Belton, 441 So.2d 1195 (La.1983) cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). However, this court has recently ruled that:
[OJnce an appeal order is signed the trial court would lose jurisdiction and so would be powerless to impose an enhanced sentence under the multiple offender statutes. State v. Thomas, 479 So.2d 28 (La.1985). See also State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983).
In the case at bar, a careful review of the record reveals that defendant filed his motion for appeal on or about November 16, 1984. However, this order was not signed until December 16, 1984, three days after the multiple bill hearing. Thus, the trial court had not been divested of its jurisdiction to enhance defendant’s original sentence.
For the foregoing reasons defendant’s conviction and sentence are affirmed.
AFFIRMED.