482 So.2d 133 (1986)
STATE of Louisiana
v.
Perry M. GARLAND.
No. KA-3315.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*134 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Judith Brewster, Asst. Dist. Atty., Julia S. Coley, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before WARD and BYRNES, JJ., and HUFFT, J. Pro. Tem.
BYRNES, Judge.
Defendant, Perry M. Garland, was convicted of simple kidnapping, a violation of R.S. 14:45. He was sentenced on May 21, 1984, and an order of appeal was entered that same day. A multiple bill was filed by the state two days later on May 23, 1984. Three months later, the court found defendant to be a second offender and increased his sentence to five years at hard labor pursuant to R.S. 15:529.1. Defendant appeals his sentence as a multiple offender.
On September 8, 1983 Edwin Rivere met Christie Garland, for dinner in New Orleans. As the couple was leaving the restaurant, defendant (Ms. Garland's brother) forced Rivere into Ms. Garland's car at gunpoint. Rivere was taken to his house, where he was forced to give a large amount of narcotics to the Garlands. He was then forced back into the car, taken to Metairie, and abandoned.
By his only assignment of error, defendant contends that the trial court was without jurisdiction to sentence him as a second offender once an order of appeal had been entered in his case.
C.Cr.P. Art. 916 states in pertinent part: The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter ...
Although the trial court generally retains jurisdiction over a case for the purpose of imposing an enhanced sentence under a multiple bill, this jurisdiction is lost once an order of appeal is signed. State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (La. 1983); State v. Bruno, 482 So.2d 679 (La.App. 4th Cir. 1985); State v. Thomas, 479 So.2d 28 (La.App. 4th Cir.1985).
In the present case, the order of appeal was signed by the trial court on May 21, 1984. The State did not file its multiple bill until May 23, 1984. Under these facts, the trial court was without jurisdiction to consider whether the defendant was a multiple offender. We therefore vacate the sentence imposed on the defendant as a multiple offender. Should the defendant be resentenced under the multiple offender statute after this appeal, his right to appeal that sentence is reserved. State v. Thomas, supra.
Defendant also alleges that he was denied effective assistance of counsel. His claim is based on allegations that his trial attorney failed to file any pre-trial motions, failed to object to hearsay testimony of a state witness regarding a tip from an informant, and failed to brief several issues on appeal.
Generally, the issue of ineffective assistance of counsel is more properly raised in the trial court where a full evidentiary hearing on the merits of the claim can be held. State v. Poche, 464 So.2d 969 (La.App. 4th Cir.1985). However, where the record discloses sufficient evidence to rule on such a claim, the interests of judicial economy justify consideration of the issue on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984). In this case, the record before us is sufficiently complete to provide a basis for ruling on defendant's allegations.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the U.S. Supreme Court announced the following test for determining the merits of a claim of ineffective assistance:
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death *135 sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result if reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
We have examined the record in this case and have determined that none of the errors alleged by defendant would be sufficient to warrant reversal of his conviction.
Defendant alleges that his counsel filed no pre-trial motions. While this is true, defendant has not shown that there would have been any merit in such motions had they been filed, nor has he shown that he was prejudiced by the omission. This ground is without merit State ex rel. Fields v. Maggio, 368 So.2d 1016 (La.1979).
Defendant also alleges that he was denied effective assistance of counsel by his attorney's failure to object to hearsay testimony of a witness for the state concerning a tip from an informant. Our review of the transcript reveals that there was no tip from an informant. The police received their information from the victim, who testified at trial. We have found no tip from an informant. The police received their information from the victim, who testified at trial. We have found no tip from an informant. The police received their information from the victim, who testified at trial. We have found no objectionable hearsay in that testimony. This argument is without merit.
Finally, defendant alleges that his attorney's failure to brief any argument on appeal other than that relating to the multiple bill proceedings denied him effective assistance. We do not agree. Defense counsel moved for and perfected an appeal. His decision to argue only one issue in that appeal did not, in our opinion, render his assistance ineffective. The error (if any) in making such a decision was not so serious "that counsel" was not functioning as the "counsel" guaranteed by the Sixth Amendment, nor did it deprive the defendant of a fair trial (or a fair appeal).
For the foregoing reasons, defendant's conviction is affirmed his sentence as a multiple offender is vacated and his original sentence is reinstated.
CONVICTION AFFIRMED, MULTIPLE OFFENDER SENTENCED VACATE, ORIGINAL SENTENCE REINSTATED.