KLEES, Judge.
Defendant Wayne Duncan was charged by bill of information with armed robbery, as found in L.S.A.-R.S. 14:64. On October 24, 1984, defendant was tried and found guilty by a twelve person jury. At sentencing the prosecution filed a Multiple Bill, under L.S.A.-R.S. 15:529.1, which was set to be heard on November 9, 1984. However, the trial court went on to sentence defendant to serve fifty years at hard labor without benefit of parole, probation, or suspension of sentence.
On June 12, 1984, at approximately 7:30 p.m., defendant, Wayne Duncan, entered the Montgomery Self Service Texaco. The defendant left the store when other customers entered, but returned once the cashier was alone. He re-entered the store, pulling a gun on the employees and demanding all the money. Defendant escaped with over $200.00 in cash, but was later apprehended at a T.G. and Y. in a nearby shopping center.
Defendant appealed and an order of appeal was rendered on October 31,1984. On December 19,1984, the lower court vacated and set aside the original sentence. The trial judge enhanced defendant’s original sentence under the multiple offender statute.
ASSIGNMENT OF ERROR # 1
By this assignment of error, defendant contends that the trial court erred in vacating the original sentence and resen-tencing the defendant as a habitual offender. Defendant contends that the trial court’s jurisdiction was divested when the order of appeal is entered.
C.Cr.P. Art. 916 states in pertinent part: “The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction over the matter ...”
Although the trial court generally retains jurisdiction over a case for the purpose of imposing an enhanced sentence under a multiple bill, this jurisdiction is lost once an order of appeal is signed. State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (La. 1983); State v. Thomas, 479 So.2d 28, 29 (La.App. 4th Cir.1985); State v. Felton, 482 So.2d 191 (La.App. 4th Cir.1986); State v. Garland, 482 So.2d 133 (La.App. 4th Cir. 1986).
Here the State filed a multiple bill prior to the time the order of appeal was entered. Nevertheless, the multiple bill was not heard until after the order of appeal was entered, transferring jurisdiction from the trial court to the court of appeal. We conclude that the trial court was without jurisdiction to consider whether the defendant was a multiple offender. We therefore vacate the sentence imposed on the defendant as a multiple offender. Should the defendant be resentenced under the multiple offender statute after this appeal, his rights to appeal that sentence is reserved. State v. Thomas, supra.
ASSIGNMENT OF ERROR # 2
This assignment was not briefed and the court considers this assignment abandoned. Uniform Rules — Court of Appeal Rule 2-12.4.
In addition we have examined the record of this matter for errors patent and have found none.
Accordingly, the defendant’s conviction is hereby affirmed. Defendant’s adjudica *1227 tion as a multiple offender and the enhanced sentence are set aside. The original sentence of fifty years at hard labor, without benefit of probation, parole or suspension of sentence is reinstated.
Conviction Affirmed.
Multiple offender adjudication and enhanced sentence set aside.
Original sentence reinstated.