CIACCIO, Judge.
Defendant, Darrell Morgan a/k/a Michael Polk was charged with simple burglary. La.R.S. 14:62. He initially pled guilty as charged but he later withdrew his plea and was tried before a six member jury. The jury found the defendant guilty of attempted simple burglary and he was sentenced to four years at hard labor. On November 8, 1985 the defendant was granted an appeal of his conviction and sentence. On December 10, 1985 the trial court conducted a multiple offender hearing and the defendant was adjudicated a multiple offender and resentenced. He was again ordered to serve four years at hard labor.
On appeal the defendant seeks a review of the record for errors patent. He also argues that the trial court was without jurisdiction to adjudicate and sentence him as a multiple offender. Finding merit with the defendant’s contention, we affirm his conviction, vacate his sentence as a multiple offender and reinstate his original sentence.
On May 22, 1985, Lydia Deal parked her Dodge Colt in an unattended parking lot in the vicinity of Howard and Loyola Avenues. Upon her return to the parking lot she discovered her vehicle had been burglarized. The rear window was broken, a gym bag, which had formerly been placed on the rear floor of the vehicle was missing, and a note was placed on her vehicle’s windshield explaining that she had been the victim of a burglary.
During the afternoon of May 22, 1985, Stephen Bracket, an architect with The Mathes Group, was working in his office on the third floor of a building located at 929 Howard Avenue. From his office window, Mr. Bracket observed a black subject, dressed in blue gym shorts and a green hospital shirt, approach the victim’s automobile. He further observed the subject as he threw a rock at the victim’s vehicle, breaking the rear window. The subject then reached into the car, unlocked the door, removed a small gym bag and began to flee from the scene. Mr. Bracket alerted a fellow architect, Jeff Cohen, and the two men ran from their office towards the scene of the crime. The incident was also observed by a third employee of The Mathes Group, Ms. Coralee Bertrand. They alerted Police Officer Albert D’Anto-ni of what they had observed.
Officer D’Antoni chased the subject for 5-6 blocks to the vicinity of Erato Street where he then lost sight of the subject. However, shortly thereafter, Officer D'An-toni observed the same subject and he was able to apprehend Polk and place him under arrest. One of the witnesses to the crime retrieved the gym bag, which Polk had cast in the weeds, and the bag was turned over to the police.
The two male witnesses were taken to the police vehicle where Polk was being detained and they positively identified him as the individual whom they had observed perpetrating the burglary. Polk was taken to Central Lockup and the evidence, which included the gym bag and its contents, was turned over to the evidence room.
In his sole assignment of error the defendant contends that the trial court erred in adjudicating him a multiple offender and sentencing him as such since the court lacked jurisdiction over the defendant at the time of the multiple offender hearing.
In this case the trial court signed the defendant’s order of appeal on November 8, 1985. The multiple offender adjudication and resentencing occurred on December 10, 1985.
Louisiana Code of Criminal Procedure Article 916 provides in pertinent part:
Art. 916. Divesting of jurisdiction of trial court.
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal.
* * * # * *
Since the trial court had entered an order of appeal prior to granting the hearing on the defendant’s multiple offender status, the court was without jurisdiction to adjudicate and resentence the defendant as a *341 multiple offender. State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (La.1983); State v. Felton, 482 So.2d 191 (La.App. 4th Cir.1986); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986).
Accordingly, the defendant’s sentence imposed pursuant to the multiple offender adjudication is vacated and the defendant’s original sentence of 4 years is reinstated. In the event the defendant is again found to be a multiple offender and resentenced as such, his right to appeal his enhanced sentence is reserved to him.
Conviction Affirmed, Multiple Offender Sentence Vacated, Original Sentence Reinstated.