KLEES, Judge.
Defendant Oscar Howard and Earl T. Bell were charged with the armed robbery of George Cologne, a violation of R.S. 14:64. The present appeal is that of Oscar Howard.
The defendant’s trial commenced on April 22, 1987 before twelve jurors and he was adjudged guilty as charged. The defendant was sentenced on June 26, 1987, to twenty-five years at hard labor, with credit for time served, court costs waived, concurrently with all other sentences. FACTS:
On October 18, 1985, O’Neila Frick and George Cologne met at 7:00 a.m. mass at the Corpus Christi Church, as was part of their daily routine. Following mass, Mr. Cologne offered Ms. Frick a ride home in his 1984 Oldsmobile station wagon that he had recently purchased from the Circle K Food Store where he was employed. The two left together and, upon arrival, parked in front of Ms. Frick’s home located at 1628 North Prieur Street.
A young man approached Mr. Cologne and asked for a light. Mr. Cologne explained that he did not have a light but that he would try the cigarette lighter in the car. As he reached forward, another man who had appeared on the other side of the car, said, “Don’t reach for it.” This second man possessed a gun.
Mr. Cologne and Ms. Frick then did as they were instructed and got out of the car; they stood next to each other on the sidewalk. Ms. Frick turned around enough to notice the man with the gun get into the driver’s side and the man with the cigarette *106 get into the passenger side. The two perpetrators then fled the scene and the police were notified.
The two perpetrators were arrested in Jefferson Parish later the same day following a report of an armed robbery at the intersection of Duplessis and Iona Streets; the arrests occurred after a high speed chase through Metairie. The men were in Mr. Cologne’s car. Oscar Howard was brought to the First District police station and voluntarily gave a statement to Deputies Rhodes and Brown. Mr. Howard informed them that he began his day at approximately 9:00 a.m. when he got into a blue station wagon.
Later the same day, Mr. Cologne was shown two sets of photographs. Mr. Cologne identified Earl T. Bell as the man with the gun and Oscar Howard as the man requesting a light for a cigarette. Ms. Frick, however, was unable to identify either of the two men.
ERRORS PATENT:
A review of the record for errors patent reveals none.
ASSIGNMENTS OF ERROR
Defendant makes the following assignments of error.
1. The trial court erred in allowing testimony of an extraneous offense.
2. The defendant had ineffective counsel.
The testimony of Robert L. Brown, Ken Davis, and Sandra Rhodes, revealed the defendant’s participation in a second armed robbery several hours after the first.
Any error is deemed waived since a verdict was rendered before an objection was lodged. C.Cr.P. art 841. State v. Knap-per, 458 So.2d 1284 (La.1984). In the instant case, there was an objection to hearsay and form. There were no objections entered as to an “extraneous offense.” Failure to state the basis of an objection which will give notice to the trial judge of an alleged irregularity can be as worthless as making no objection at all. See, State v. Knapper, supra.
Thus, this assignment of error is without merit.
B. The defense counsel was ineffective.
Generally, a claim alleging ineffective assistance of counsel should be treated in an application for post conviction relief. State v. Truitt, 500 So.2d 355 (La.1987); State v. Buttner, 489 So.2d 970 (La.App. 4th Cir.1986). However, if the record discloses sufficient evidence to rule on the merits of the claim, then the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986).
The effectiveness of counsel is assessed by a two prong test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant must carry the burden of showing that the counsel’s performance was deficient and that this deficiency prejudiced him. This requires a showing that the errors made were so serious that counsel was no longer functioning as “counsel” guaranteed by the Sixth Amendment. Id. 104 S.Ct. at 2064.
The defendant must make a showing that but for the unprofessional conduct, the outcome of the proceedings would have been different. State v. Bienemy, 483 So. 2d 1105 (La.App. 4th Cir.1986). Here the defendant was positively identified by the victim, arrested in the victim’s car, and admitted to being in a blue station wagon at the time of the armed robbery. The evidence overwhelming supports the conviction. The defense counsel cross examined all witnesses and advised his client not to take the stand.
Based on the record before us we cannot conclude that the defendant was deprived of a fair trial.
This assignment lacks merit.
Accordingly, the conviction and sentence are hereby affirmed.
AFFIRMED.