BYRNES, Judge.
Defendant Reginald K. Johnson, Jr. appeals his conviction under LSA R.S. 14:42 of aggravated rape for which he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.
The victim testified that at approximately 6:30 p.m. on February 3, 1984, she was standing in the doorway of her home in uptown New Orleans when a young man approached her with a gun, took three dollars from her wallet, and forced her inside. After taking her jewelry and forcing her to her bedroom, the assailant made the elderly victim partially undress and raped her after forcing her to perform other sexual acts. Interrupted by the ringing of the telephone, the subject did not ejaculate but withdrew and began searching through the victim’s possessions. The intruder left by the back door after there was a knock at the front door. When the police arrived, they found a wallet next to the victim’s bed which contained identification papers, listing the name and address of the defendant. A few hours later, Johnson was arrested at another uptown location when he was caught in a purse snatching incident. At that time the police found a small gun lying under a car at the spot where a struggle had occurred when Johnson was restrained by a neighbor. That night the police obtained a search warrant for Johnson’s home and they recovered the victim’s jewelry hidden under Johnson’s mattress. A few days later, the victim positively identified the defendant as the assailant.
By his sole assignment of error, defendant contends that he was denied effective assistance of counsel, pointing out that defense counsel failed to make opening and closing arguments and did not present a defense. The defense attorney did not file a written motion for appeal, and the defendant has now been granted an out of time appeal. The defendant claims that his attorney merely acted as a neutral observer at trial and was not an advocate in defendant’s behalf.
The issue of ineffective assistance of counsel is more properly addressed by application for post conviction relief filed initially in the trial court where a full evi-dentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). However, in the interest of judicial economy when the record contains sufficient evidence to address this claim, the issue will be considered. State v. Seiss, 428 So.2d 444 (La.1983); State v. Howard, 533 So.2d 105 (La.App. 4th Cir.1988), writ denied, 538 So.2d 609 (La.1989).
To substantiate a claim of ineffective assistance of counsel, the defendant must *16 show that counsel’s performance was deficient and that the deficiency prejudiced the defendant under the two-tiered test set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 80 L.Ed.2d 674 (1984); State v. Wallace, 533 So.2d 102 (La.App. 4th Cir.1988), writ denied, 538 So.2d 608 (La.1989). The alleged prejudice must be so great that it resulted in the guilty verdict. State v. Bienemy, 483 So.2d 1105 (La.App. 4th Cir.1986).
Defendant claims that his attorney should have presented a closing argument in which he (1) called attention to the defendant’s youth; (2) contended that the only difference between aggravated and forcible rape is the degree of force used and the extent that the victim resists; and (3) requested a lesser verdict. Defendant’s argument is not convincing. The evidence clearly presents a basis for aggravated rape, and Louisiana law provides a mandatory sentence of life imprisonment without benefit of parole, probation and suspension of sentence for the offense of aggravated rape under LSA R.S. 14:42(C). Defense counsel may not have presented a closing argument for tactical reasons that would eliminate the opportunity for the State to offer a rebuttal argument which could be more damaging to the defendant’s case than the lack of defense’s argument.
The record indicates that although the defendant’s attorney did not make opening and closing arguments or present a defense, he used seven challenges during the voir dire for jury selection. Defense counsel competently cross-examined seven out of eight of the witnesses and made several objections throughout the trial. He also made a motion for mistrial heard out of the presence of the jury because a witness alluded to the commission of another crime of. purse snatching at the time of the defendant’s arrest. The Court ruled that the witness had made an indefinite remark and proceeded with the trial. When the jury returned, the Court then admonished the members of the jury to disregard the witness’s last statement. We find that counsel for the defense acted not as a neutral bystander but as an active participant in the trial on the defendant’s behalf.
Additionally, the evidence against the defendant was more than substantial. The victim testified that defendant had a gun and raped her. She confirmed that there had been penetration, constituting the offense of rape. The victim also stated that the defendant held a gun to her head and continually threatened to “blow her head off,” constituting the offense of aggravated rape. Not only was the defendant’s wallet containing his identification discovered on the scene, but a gun was also found near the defendant when he was apprehended. The victim’s jewelry was recovered from the defendant’s residence and identified by the victim at trial. The victim also positively identified Reginald Johnson as the perpetrator in a photographic lineup and at trial. Based on the overwhelming evidence, we cannot find that the defendant demonstrated a specific showing of actual prejudice to his interest by his attorney’s performance. Any error did not deprive the defendant of a fair trial or appeal.
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.