| iKLEES, Judge.
Appellant, Michael Williams, was charged by bill of information with armed robbery relative to La.R.S. 14:64, and attempted second degree murder relative to La.R.S. 14:27 and 14:3o.!.[1] At arraignment on July 6, 1993, he pled not guilty. Oral motions to suppress the confession, identification and evidence were filed. On March 11, 1994, the defense withdrew the motions to suppress the confession and evidence. Following a hearing on August 2, 1994, the trial court denied the motion to suppress the identification. On March 8,1995, a twelve person jury found appellant guilty of attempted armed robbery and attempted second degree murder. As to count one, he was found to be a third felony offender on May 2, 1995, based upon a 1993 guilty plea to possession of marijuana, second offense, and a 1992 guilty plea to possession of cocaine with intent to distribute. On May 26, 1995, appellant was sentenced on count one to serve sixty-six years at hard labor without benefit of parole, probation, or suspension of sentence. On count two, he was sentenced to serve fifty years at hard labor without benefit of parole, probation, or suspension of sentence. The sentences to run concurrently. Appellant’s motion to reconsider the sentence was denied. His motion for appeal was granted.

FACTS

Larry Barabino dropped his date off at home on May 2, 1993 at approximately 2:00 A.M. and was driving down Lafreniere Street when he saw a friend of his, Ellis Crossley. Barabino stopped the car to speak with his friend. ^While speaking to Crossley, the appellant and Troy Morris pulled up behind him and parked. Barabino recognized the ear and the two occupants inside because he grew up with Troy Morris’ nephew, and appellant was often at Troy Morris’ house when he was visiting the nephew. Barabino and appellant also attended the same high school.
After talking with his friend a few minutes, Barabino proceeded to drive away. He was flagged down by the appellant and Troy Morris. Both Barabino and Troy Morris exited their vehicles, shook hands, and began to talk. Suddenly, Barabino heard a click and saw appellant coming around the car with a gun in his hand. Appellant grabbed him around the neck and said, “give it up.” At first Barabino thought the appellant was teasing, but appellant began beating him with the gun and insisting that he give it .up or he would be killed. Barabino was able to free himself from the appellant only to be grabbed by the shirt and tripped by Troy Morris. Barabino fell to the ground. He told his assailants that he had nothing. Appellant fired several shots at Barabino as he lay on his stomach covering his head with his arms.
Ellis Crossly and three other men came to the victim’s rescue. Barabino instructed one of the men to retrieve a nine millimeter pistol from between the seats of his car should the assailants return. The man informed Bara-bino that the pistol was not there. The men then transported Barabino to Charity Hospital. He was treated for multiple gunshot wounds to his hands, legs, back, buttocks and elbows.
Seven spent nine millimeter casings were found by police on the ground. No weapon was located. When interviewed by police at Charity Hospital, Barabino informed them that Troy Morris and a man named Michael were his assailants. Barabino also identified both defendants in photographic line-ups.
|sThe appellant’s mother and sister testified that on May 2, 1993, appellant attended a birthday party at the mother’s house. The party ended around midnight, and the appellant and his mother made three trips to take people home. Thereafter, appellant returned some audio equipment then left with his sister to take her home. The sister stated that they left their mother’s house at approximately 1:30 A.M., and that the appellant stayed with her that night.

*566
PRO SE ASSIGNMENT OF ERROR

In his sole assignment of error, appellant asserts that he was denied his constitutional right to effective assistance of counsel prior to and during the course of the trial and at sentencing. He first asserts that counsel failed to object to him being tried in prison attire. Appellant also contends that counsel was ineffective in failing to make an opening statement. Next, he alleges that counsel failed to establish an alibi defense. Appellant complains that counsel did not have any meaningful discussions with him. Counsel also failed to cross-examine witnesses utilizing the initial police report, especially to discredit the testimony of the victim. Appellant argues that counsel was ineffective for failing to question the number of times the victim was shot, and that he failed to cross-examine Ellis Crossley. Finally, appellant asserts that counsel was ineffective at sentencing.
Generally, issues of ineffective assistance of counsel are more appropriately raised in an application for post conviction relief where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4th Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4th Cir.1986).
Here, most of appellant’s claims cannot be resolved based upon the record before this Court. It is not known whether appellant was tried in prison attire. The only reference to what relator was wearing during the trial was a statement by a witness that appellant was wearing a white t-shirt and glasses. Counsel’s reasons for not making an opening statement and not cross-examining certain witnesses are not discemable. Furthermore, it cannot be determined from the record what steps counsel took in an attempt to develop a plausible line of defense. Although it appears appellant’s defense was one of alibi, appellant asserts there were other defense witnesses who could have been called to testify. Thus, the above claims should not be considered on appeal.
On the other hand, appellant asserts that counsel was ineffective at sentencing because the simple possession of marijuana count did not qualify as a prior felony conviction for the purposes of a multiple bill. He also alleges that he should have received a more lenient sentence because his codefend-ant was more culpable and received only a ten year sentence.[2]
The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4th Cir.1992).
*567 The record shows that the first conviction listed in the multiple bill of information was a 1993 guilty plea to possession of marijuana, second offense. La.R.S. 40:966 D(2). An offender, convicted under the statute, may be sentenced to imprisonment at hard labor. Therefore, the crime is a felony. La.R.S. 14:2(4). Appellant’s claim is without merit.
Finally, appellant contends that he should have received a more lenient sentence because his codefendant was more culpable and received only a ten year sentence. Alternatively, he argues that his codefendant should have at least received the same sentence he received. Appellant’s claim is without merit.
The codefendant’s sentence may have been based on a plea bargain with the State. Unlike the codefendant, appellant was sentenced as an habitual offender on the attempted armed robbery conviction and received near the statutory minimum sentence for a third offender. Concerning appellant’s fifty year sentence for attempted second degree murder, the testimony clearly establishes that appellant was the trigger man, firing numerous shots at the victim as he lay on the ground. Prior to sentencing appellant, the trial court noted the number of shots fired, the injuries received by the victim, the rehabilitation required, and the fact that the appellant knew the victim. In light of the sentencing court’s reasons and its broad 16discretion in sentencing, appellant fails to establish that counsel was ineffective during sentencing. The trial court was not required to impose the same sentence on both defendants.

ERRORS PATENT

Counsel has filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. State of Cal., 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed him that he had the right to file a brief on his own behalf. He has done so.
Pursuant to State v. Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with La.R.S. 14:64 and La.R.S. 14:27 and 14:30.1, and the bill was signed by an assistant district attorney. The defendant was present and represented by counsel at arraignment, all motion hearings, jury selection, trial, and sentencing. The State proved every element of attempted armed robbery and attempted second degree murder beyond a reasonable doubt. The sentence on the attempted armed robbery conviction of . sixty-six years at hard labor without benefit of parole is legal in all respects; however, the fifty year sentence on the attempted second degree murder conviction is illegal insofar as it restricts parole eligibility. Although La. |7R.S. 14:30.1, second degree murder, requires that the sentence be imposed without benefit of parole, the attempt statute, La.R.S. 14:27, as it existed at the time of the offense, did not. The attempted second degree murder sentence should be amended to delete the prohibition against parole. No other errors patent were found.
Accordingly, for the reasons expressed above the convictions and sentence of appellant Michael Williams on the attempted armed robbery conviction is hereby affirmed. The sentence on the attempted second degree murder conviction is hereby amended to delete the prohibition against parole and, as amended, affirmed. Counsel’s motion to withdraw is granted.

CONVICTION AND SENTENCE ON ATTEMPTED ARMED ROBBERY AFFIRMED. CONVICTION OF ATTEMPT
*568
ED SECOND DEGREE MURDER AFFIRMED. SENTENCE AS TO SECOND DEGREE MURDER AMENDED.

. A codefendant, Troy Morris, was also charged in fte case. He pled guilty on March 8, 1995.

. Based upon the Louisiana Supreme Court’s ruling in State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172, appellant's sentencing claims should be considered on appeal. Under Melinie, a defendant is not entitled to have an excessive sentence or other sentencing error considered on post conviction relief. La.C.Cr.P. art. 930.3.