11 KIRBY, Judge.

STATEMENT OF CASE

Leroy Holmes was charged by bill of information on March 2, 2000, with possession of heroin, a violation of La.R.S. 40:966. At his arraignment on March 16, 2000, he pled not guilty. On March 28, 2000, the defendant withdrew his not guilty plea and entered a plea of guilty as charged. The court sentenced him on May 30, 2000, to five years at hard labor, without benefit of probation or suspension of sentence, with credit for time served, sentence to run concurrently with any other sentence. On that same day, the court denied the defendant’s motion to reconsider the sentence.

STATEMENT OF FACT

Because the defendant pled guilty to the charge of possession of heroin, the record does not contain any of the facts leading up to the defendant’s arrest.

COUNSEL ASSIGNMENT OF ERROR

Counsel filed a brief requesting a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir.1990). Counsel filed a brief complying with State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts, and found no trial court ruling that arguably supports the appeal. A copy of the brief was forwarded to defendant, and he has filed a pro se brief.
*442 As per State v. Benjamin, supra, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcript in the appeal record. Defendant was properly charged by bill of information with a violation of La.R.S. 40:966, and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment and sentencing. The sentence is legal in all respects. An independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal. Accordingly, counsel’s motion to withdraw should be granted.

PRO SE ASSIGNMENT OF ERROR

The defendant argues he received ineffective assistance of counsel.
The defendant claims he received ineffective assistance because his guilty plea was induced by trial counsel’s erroneous assurances that in exchange for the guilty plea, he would received probation.
At the sentencing hearing on May 30, 2000, the following exchange occurred:
1 ¡¡THE COURT:
The law says you’re not eligible to receive a suspended sentence and be placed on probation because of your pri- or felony convictions. You have at least two prior felony convictions, both or them for simple robbery, one you claim is reduced from an armed robbery. The record here indicates the second one is also reduced from an armed robbery. You also have a convicted felon in possession of a firearm charge in Section “F”. That’s at least two prior felony convictions. The law says I cannot give you a suspended sentence or place you on probation for this charge. That’s not me, that’s the law. I’ve got to follow the rules, man.
As to Leroy Holmes, it shall be the sentence of the Court he shall be ordered to serve five years Louisiana Department of Corrections—
THE DEFENDANT:
Your Honor—
THE COURT:
—at hard'—
THE DEFENDANT:
—your Honor—
THE COURT:
Please, please.
THE DEFENDANT:
Can I take my plea back? I wasn’t gonna .plead guilty to this if it was — it was understood that I’m supposed to get a probation. That’s the reason I pled guilty. I would have never pled guilty to this here, your Honor. This is what Mr. Meyers came to me and told me.
THE COURT:
Mr. Holmes, I can’t give you probation. I know this man has been doing this for a number of years—
THE DEFENDANT:
Yeah, but can I take my plea back, your Honor? Because this is not right. This is the only reason I took — this is the only reason I pled guilty because Mr. Meyers came to me and told me and told me—
[,iMR. MEYER:
No, Mr. Meyer did not — this is Mr. Meyer. Mr. Meyer did not tell you—
THE DEFENDANT:
What did you tell me?
*443 THE COURT:
Whoa, whoa, Mr. Holmes ... we’re not gonna argue.
MR. MEYER:
Just for the record, I told him he was gonna have a pre-sentence investigation. If he was gonna get probation—
[[Image here]]
THE DEFENDANT:
I cannot take my plea back?
THE COURT:
Not right now ...
Trial counsel’s response indicates that he did have some discussion of probation with the defendant.
Indeed the transcription of the Boykin examination that occurred two months previously reveals that the trial judge had discussions with the defendant and counsel regarding sentencing possibilities. Before advising defendant of his rights the Court asked the prosecutor for background information. He was informed defendant had convictions in 1975 for “966,” presumably a drug charge; armed robbery in 1977 for which he was sentenced to five years; and for felon possession of a firearm in 1985.
Defense counsel indicated that defendant said the gun charge was a misdemeanor. The Court replied that it “hated” to rely on the defendant’s recollection and stated:
I’m looking possibility [sic] at boot camp. I’ll see what I can do. Hey, I’m going to try to help you because you’ve | Bgot a problem. But you know, if you don’t tell the lawyer that you’ve got a conviction and you do have one, I can’t help you.
There then follows a colloquy between the defendant and the Court wherein the defendant asserts he told his lawyer about his convictions, when his last conviction was [I got in in ’81; I come home in ’83] how much time he served and at which facility. He further stated that he never had parole or active probation. The Court then responded that if defendant had not been on any probation or parole, or good time release, for ten years he would be eligible for the boot camp program. Conversely, the Court informed the defendant that if he had been on parole, probation or good time release then he was not eligible “for what I would like to make.” The Court then offered that “three felony convictions are going to hurt, a little bit, too.” Defense counsel then remonstrated that it might not be three, to which the Court replied that defendant had an armed robbery, felon with a gun and the instant offense. Counsel for defendant then responded that the felon with a gun charge resulted in a sentence of four months of incarceration and probation presumptively making the offense a misdemeanor. The Court responded “I hope you’re right.”
During the Boykin examination the Court specifically asked the defendant if anyone had promised him anything in order to get him to plead guilty, to which he responded in the negative.
Before the Court made its finding that the defendant had knowingly, intelligently, freely and voluntarily waived his rights, it again engaged in a colloquy with defendant that resulted in this statement about sentencing:
| fiTHE COURT:
Let me say, I’m giving you the benefit of the doubt. Let’s say had you a problem back in 1978. Let’s say you did your time for your problem. If you still come back and you’re still using this stuff — ... I don’t want you to get the wrong impression. But I’d much rather see people come before me, I guess— and this sounds bad — for heroin than armed robbery. I’d rather see that.
*444 I don’t want to see either one because the heroin disrupts your life. It ruins you. It destroys your family, your relationship. It destroys your right to be out on the streets. That’s what it does.
THE DEFENDANT:
Your Honor, I didn’t sell.
THE COURT:
I’m going to do what I can to try to help you. Okay? I cannot guarantee you anything, but I will do what I can to try to help you. I’m going to order a pre-sentence investigation into your background. Someone is going to come into the jail, and they will talk with you about your case. Cooperate with them. Be honest with them as you are being honest here. I will take that into account. It’s going to depend right now on your background, how close your background is to this offense to determine whether I can do anything or not.
Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Johnson, 557 So.2d 1030 (La.App. 4 Cir.1990); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Seiss, 428 So.2d 444 (La.1983); State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Garland, 482 So.2d 133 (La.App. 4 Cir.1986); State v. Landry, 499 So.2d 1320 (La.App. 4 Cir.1986).
17The defendant’s claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The defendant must show that counsel’s performance was deficient and that the deficiency prejudiced the defendant. Counsel’s performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the “counsel” guaranteed to the defendant by the Sixth Amendment. Strickland, supra at 686, 104 S.Ct. at 2064. Counsel’s deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, supra at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
In this case, with nothing more than the assertions and responses at the Boykin and sentencing hearing, there is insufficient evidence in the record to make a determination on the merits of this claim.

CONCLUSION

The defendant’s conviction and sentence are affirmed. However, the defendant may file an application for post-conviction relief on the issue of ineffective assistance of counsel.
AFFIRMED.
PLOTKIN, J., dissents with reasons.