819 So.2d 1122 (2002)
STATE of Louisiana
v.
Michel J. PORCHE.
No. 2001-KA-2086.
Court of Appeal of Louisiana, Fourth Circuit.
May 22, 2002.
*1123 Harry F. Connick, District Attorney, Anne M. Dickerson, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR.).
*1124 Judge MIRIAM G. WALTZER.
The defendant, Michel Porche, appeals his conviction and sentence for four counts of first degree robbery and one count each of armed robbery, second degree kidnapping, and sexual battery. Porche complains that the trial court erred by failing to sever the counts into separate trials on the various charges and that the trial attorney rendered ineffective assistance in failing to move for a severance. He argues that the sentence is unconstitutionally excessive.

STATEMENT OF THE CASE
On 14 November 2000 the state charged Michel Porche by a single bill of information[1] with eight counts of criminal behavior, including count one for first degree robbery (a violation of LSA-R.S. 14:64.1), count two for second degree kidnapping (a violation of LSA-R.S. 14:44.1), count three for sexual battery (a violation of LSA-R.S. 14:43.1), count four for first degree robbery, count five for first degree robbery,[2] count six for first degree robbery, count seven for first degree robbery, and count eight for armed robbery (a violation of LSA-R.S. 14:64). Porche pled not guilty at his arraignment. On 15 November 2000 the trial court denied his motion to suppress the identification. At this hearing the trial attorney adopted all motions filed in the two prior proceedings, and all rulings previously entered. The record contains no evidence that the trial attorney filed a motion to sever in any of the previous or instant proceedings.
On 6 March 2001 a twelve-person jury found Porche guilty as charged on the seven counts tried. On 21 May 2001, the trial court sentenced Porche to forty years for the conviction on count one for first-degree robbery, to twenty years for the conviction on count two for second degree kidnapping, to twenty years on the conviction on count three for sexual battery, to forty years for the conviction on count four for first degree robbery, to forty years for the conviction on count six for first degree robbery, to forty years for the conviction on count seven for first degree robbery, and to fifty years for the conviction on count eight for armed robbery. The trial court imposed the sentences without the benefit of probation, parole, or suspension of sentence. The trial court ordered the sentences on the convictions for counts one, two and three to run concurrently and the sentences for the convictions on counts four, six, seven and eight to run consecutively to each other and to the sentences for the convictions on counts one, two and three. The State filed a multiple bill of information charging Porche to be a second felony offender.
On 11 July 2001, after a hearing, the trial court adjudicated Porche as a second felony offender. The trial court vacated the sentences on count one, first-degree robbery; count three, sexual battery; and count eight, armed robbery. The trial court sentenced Porche, as a second felony offender, to forty years on the conviction for first-degree robbery (count one), to twenty years on the conviction for sexual battery (count three), and to fifty years on the conviction for armed robbery (count eight). The trial court imposed these sentences *1125 without the benefit of probation, parole, or suspension of sentence. The trial court ordered the sentences on the convictions on counts one, two and three to run concurrently and the sentences on the convictions on counts four, six, seven and eight to run consecutively to each other and to the sentences on the convictions on counts one, two and three.
The trial court denied Porche's motion to reconsider sentence and granted his motion for an appeal.

STATEMENT OF FACTS
On 26 March 1999, a man robbed Latesha Warren of $22 at the intersection of South Claiborne Avenue and General Taylor Street. Warren described the perpetrator as a black male subject, light skinned, forty to fifty years old, with green-gray eyes. The perpetrator used force by threatening the victim's life and implying that he had a gun. On 21 January 2000 the police presented a photographic line-up to Warren and Warren identified Porche as the perpetrator. At trial she again identified Porche as the man who robbed her on 26 March 1999.
R. H.[3] testified that on 10 January 2000, she was robbed on South Claiborne Avenue at its intersection with Napoleon Avenue. R.H. testified that the perpetrator told her he had a gun in his pocket, and he demanded she give him her money. After she gave the robber her money, he demanded that she accompany him. As they walked, the perpetrator demanded that R.H. give him her watch and rings. After walking a few blocks with the assailant, R.H. testified that he ordered her to stop in a grassy area and squat down. As the victim complied the perpetrator exposed his penis and ordered her to perform oral sex on him. She testified that he ejaculated in her mouth and ordered her to spit it out and walk away slowly. She then ran for help and called the police, via a 911 call. R.H. described the perpetrator for the police that night as a light-skinned black male with light colored eyes and missing bottom teeth. R.H. identified Porche as the perpetrator both in a photographic line-up in January 2000 and at trial.
On 12 January 2000, both Christian Elloie and Vickie Robbins were robbed. Elloie testified that the perpetrator approached her at approximately 3:30 p.m. near a bus stop on Elysian Fields Avenue and Gentilly Blvd. on her way home from school. Robbins testified that she was approached at the same bus stop at approximately 9:15 p.m. on her way home from work. Each victim testified that the perpetrator told her that he would kill her if she did not hand over her money. Both Elloie and Robbins identified Porche in a photographic line-up and at trial as the man who robbed them.
On 22 January 2000, Jamie Fortenberry was robbed of approximately $90 as she sat at a bus stop near South Claiborne and Napoleon Avenues. The perpetrator showed Fortenberry a gun and demanded her money. She described the perpetrator to the police as a light-skinned black man with light colored eyes. She identified Porche as the perpetrator both from a photographic line-up and at trial.

ERRORS PATENT
A review of the record for errors patent revealed that an error occurred in the sentencing of the defendant. The original sentence on count three was illegally excessive. LSA-R.S. 14:43.2 provides for a maximum sentence of fifteen years. The court's original sentence on this count was twenty years, five years more than the maximum sentence.
*1126 On 11 July 2001, after a multiple bill hearing the trial court adjudicated Porche a second felony offender. The trial judge then vacated Porche's sentences for the convictions on count one, first-degree robbery; count three, sexual battery; and count eight, armed robbery. However, counts one and three involved the same victim arising out of a single criminal episode. This court in State v. Ward, 94-0490 p. 11 (La.App. 4 Cir. 2/29/96), 670 So.2d 562, 567-68, citing State ex rel. Porter v. Butler, 573 So.2d 1106 (La.1991), stated that multiple convictions obtained on the same date and arising from the same criminal episode are to be treated as a single conviction for purposes of the habitual offender law in sentencing. See State v. Hawthorne, XXXX-XXXX (La.App. 4 Cir. 11/8/00), 772 So.2d 924. Therefore, the trial court erred in sentencing Porche under the habitual offender law on counts one and three, because these counts involved the same criminal episode. We set aside the sentence on the habitual offender adjudication, and we remand the proceedings for resentencing on the habitual offender adjudication.
Accordingly, the original sentence is reinstated with the exception of the sentence for count three.

ASSIGNMENTS OF ERROR NUMBERS 1 AND 2
Porche complains that the trial court erred in failing to sever the multiple counts against him. Porche argues that trial counsel neglected to move for a severance of the trial of the offenses; and therefore he rendered ineffective assistance for not doing so. Specifically, Porche argues that the failure to sever trial of the various offenses prejudiced him. Porche argues that in one count he allegedly had a gun, and in the other counts he allegedly implied he had a gun, increasing the danger of jury confusion. He contends that the trial court's failure to sever the counts and trial counsel's failure to file either a written or oral motion to sever served to deny him a fair trial.
LSA-C.Cr.P. article 493 provides;
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character, or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, provided that the offenses joined must be triable by the same mode of trial.
In consideration of whether Porche preserved the issue for appeal, we must examine the Code's provisions on objections to misjoinder.
LSA-C.Cr.P.art. 495 provides;
The objections of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment.
LSA-C.Cr. P. article 495.1 provides more specifically for objections to misjoinder of offenses;
If it appears that a defendant or the state is prejudiced by the joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
(Emphasis added.)
The trial court must weigh the possibility of prejudice to the defendant against the important considerations of economical and expedient use of judicial resources. State v. Lee, 99-1404, p. 6 (La. App. 4 Cir. 5/17/00), 764 So.2d 1122, 1126, citing State v. Washington, 386 So.2d 1368 (La.1980). Prior to the enactment of the *1127 1978 amendment to LSA C.Cr.P. article 495.1, Louisiana courts consistently held that, simultaneous trial of crimes of the same or similar character offenses may be joined only where the multiple offenses are mutually admissible as "other crimes" evidence. Lee, 99-1404, at p. 6-7, 764 So.2d at 1126, citing State v. Harris, 383 So.2d 1 (La.1980). However, under the new article severance of offenses is not mandated simply on the ground that the offenses would not be admissible at separate trials if the defendant is not prejudiced by the joinder. State v. Celestine, 452 So.2d 676, 680 (La.1984).
Generally, "there is no prejudice and severance is not required if the facts of each offense are not complex, and there is little likelihood that the jury will be confused by the evidence of more than one crime." State v. Carter, 99-2234 (La.App. 4 Cir. 1/24/01), 779 So.2d 125, 145, citing State v. Lewis, 557 So.2d 980, 984 (La.App. 4 Cir.1990). The defendant has a heavy burden of proof when alleging prejudicial joinder of offenses, and he must make a clear showing of prejudice. Id. In determining whether joinder of two or more offenses would result in prejudice, a court should consider: (1) whether the jury would be confused by the various counts; (2) whether the jury would be able to segregate the various charges and evidence; (3) whether the defendant would be confounded in presenting various defenses; (4) whether the crimes charged would be used by the jury to infer a criminal disposition; and (5) whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Coston, XXXX-XXXX p. 9 (La.App. 4 Cir.9/5/01), 800 So.2d 907, 914.
In the instant case, as in Coston, the first-degree robberies against Warren, R.H., Elloie, and Robbins and the armed robbery against Fortenberry were similar in nature and triable by the same mode of trial. The robberies of Warren, R.H., and Fortenberry occurred in the same vicinity of town. Elloie and Robbins were robbed in the same vicinity of town and on the same day. The robberies of R.H., Elloie, Robbins and Fortenberry occurred within in a short span of time, from 10 January 2000 until 22 January 2000. The facts of each offense were simple and uncomplicated, and each of the victims testified of the facts of each robbery and identified Porche separately in a photo line-up before trial and at trial. The facts of each criminal episode were similar. Each woman was accosted at or near a bus stop. The victims were all threatened with a weapon, either implicitly or explicitly. The perpetrator sexually assaulted both Warren and R.H. The descriptions of the perpetrator given by each victim involved similar characteristics. Moreover, the police officers who testified distinguished each offense and victim. No evidence indicates that Porche was confounded in presenting his defense. The evidence of each crime was presented in a logical and orderly fashion. Additionally, the jury was provided with separate verdict sheets for each count with the victim's name on it. We find no error in the trial court's failure to sever the trial of the various offenses.
Porche claims that trial counsel's performance constituted ineffective assistance of counsel. Generally, the issue of ineffective assistance of counsel is a matter more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La.1984); State v. Reed, 483 So.2d 1278 (La.App. 4 Cir.1986). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. *1128 Garland, 482 So.2d 133 (La.App. 4 Cir. 1986).
The Louisiana Supreme Court in State v. Brooks, 505 So.2d 714, 724 (La. 1987) citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stated that hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful.
This court in State v. Jason, 99-2551 (La.App. 4 Cir. 12/6/00), 779 So.2d 865, 871, citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), stated that the claim of ineffective assistance of counsel is to be assessed by the two-part test of Strickland. The defendant must show that his counsel's performance was deficient and that the deficiency prejudiced him. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Counsel's deficient performance will have prejudiced the defendant if he can show that the errors were so serious as to deprive him of a fair trial. To carry this burden, the defendant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
After our review of the record, we are not convinced that trial counsel rendered ineffective assistance of counsel, based solely on his failure to seek severance of the trial of the various charges. Without prejudice to the defendant, he has no claim for ineffective assistance of counsel. State v. Singleton, XXXX-XXXX, p. 9 (La.App. 4 Cir. 11/7/01), 801 So.2d 1150, 1158. For the above reasons, counsel's failure to seek severance of the trial of the various counts did not rise to the level of error prejudicing Porche.
ASSIGNMENT OF ERROR NUMBER 3: Porche argues that the trial court abused its discretion in sentencing him.
Porche complains his sentence is unconstitutionally excessive. Specifically, he contends the total sentence exceeds two hundred years, amounting to needless infliction of pain and suffering.
We have found that the trial court erred in sentencing Porche as a habitual offender and in its original sentence on count three. We are remanding the matter for resentencing. For these reasons, we believe it is premature to consider the constitutionality of Porche's entire sentence. We pretermit decision on this issue and reserve to defendant his right to appeal his sentence.

CONCLUSION
We affirm Porche's convictions on the seven counts. Moreover, we affirm his adjudication as second felony offender. However, we vacate the trial court sentence on the multiple offender adjudication and remand for resentencing. Furthermore, we reinstate his original sentences on all counts, except count three.
CONVICTIONS AFFIRMED, SENTENCES AFFIRMED IN PART, AND REMANDED.
NOTES
[1] This appeal results from verdicts returned on this third bill of information filed against Michel Porche. The various case numbers include 413-486, 415-171, and 418-022. In # 413-486 the trial court denied a motion to suppress identification and found probable cause on 19 June 2000, and the state entered a nole procequi on the three counts. In #415-171 the trial court recused itself and Porche's original attorney moved to withdraw as counsel, and the state entered a nole procequi on 15 November 2000.
[2] On the first day of trial, the state moved to sever count five, and Porche's attorney entered an objection to the severance.
[3] Due to the nature of the charge, the victim's initials will be used.